UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF WATCO TRANSLOADING L.L.C., AS OWNER OF THE M/V KAYE LYNN, ITS ENGINES, TACKLE, APPURTENANCES, FURNITURE, ETC. PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION NO. 21-2286<br><br>SECTION:<br><br>JUDGE:<br><br>MAGISTRATE: |

**COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

The Complaint of Watco Transloading L.L.C. (hereinafter "WATCO") in a cause of exoneration from or limitation of liability, civil and maritime, within the meaning of Rule 9(h) and Supplemental Rule F of the Federal Rules of Civil Procedure, with respect, represents:

1.  This action arises under the laws of the United States providing for limitation or exoneration of a vessel owner's liability, 46 U.S.C. §§ 30501-30512, and the various statutes, rules and regulations relating thereto. It is a cause of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This Court has jurisdiction pursuant to 28 U.S.C. §1333. Venue is proper in the United States District Court for the Eastern District of Louisiana pursuant to Rule F(9) of the Supplemental Rules of Certain Admiralty and Maritime Claims.

2.  WATCO, a limited liability company organized and existing under and by virtue of the laws of the State of Delaware, was and now is the owner of the M/V KAYE LYNN.

3.  At all material times, the M/V KAYE LYNN was tight, staunch, strong, equipped and supplied and was in all respects seaworthy and fit for the service in which it was engaged.

2

4.      During the morning of June 11, 2021, the KAYE LYNN shifted the Barge BUNGE 906B from the SSA loading terminal to the Lux Fleet 329 near Columbus Mississippi where the barge was placed outside the Barge PTC 318 which was secured to two mooring dolphins.

5.      During the late evening of June 11 or early morning of June 12, the lines from the PTC 318 parted or broke free of the mooring dolphins causing the PTC 318 and the BUNGE 906B to drift southbound in the Tennessee Tombigbee Waterway.

6.      The PTC 318 allegedly damaged private docks and other property of individuals and the BUNGE 906B sank at the Tom Bevill Lock and Dam.

7.      The subject marine casualty was not caused or contributed to by any fault, error, omission, negligence, unseaworthiness, or other fault of WATCO or the KAYE LYNN, nor any person or entity for which WATCO or KAYE LYNN is responsible but were caused wholly by, and due solely to, fault and negligence on the part of one or more third parties.

8.      By reason of the premises and as a result of the subject marine casualty, WATCO has sustained damages and expenses necessarily incurred as a result of the subject marine casualty plus interest and costs.

9.      Also, by reason of the premises and as a result of the subject marine casualty, WATCO has been subjected to claims by SCF Marine, Inc. and others and, thus, WATCO faces potential exposure for liability to those potential claimants.

10.     WATCO denies that it or the KAYE LYNN or any other persons or property for whom or for which it may be responsible are liable to any extent in the premises.  WATCO specifically denies any and all liability for any claims for loss, damage or destruction occasioned by or resulting from the matters and happenings recited above and aver that it

has valid defenses to any such claims.  WATCO desires to contest its liability for any such claims, and further avers that it is entitled to a decree exonerating it from liability.

11.　　WATCO further shows that the aforesaid damages and any other losses or damages, if any, were done, occasioned, and incurred without fault on the part of WATCO and without its privity or knowledge.  Should this Honorable Court, however, adjudge that WATCO is liable to any extent in the premises, then WATCO claims the benefit of the Limitation of Liability Act, set forth in 46 U.S.C. §30511, and all statutes amendatory thereof and supplementary thereto.

12.　　The following parties have placed WATCO on written notice that they may pursue claims against it as a result of the foregoing incidents:

1. SCF Marine, Inc.
   c/o Dean A. Sutherland
   Jeansonne & Remondet
   365 Canal Street, Suite 1660
   New Orleans, La. 70130

2. Parker Towing Company
   c/o Brad Schlotterer
   Kean Miller LLP
   909 Poydras Street, Suite 3600
   New Orleans, LA 70112

3. SSA Marine, Inc.
   c/o Peter B. Sloss
   Murphy, Rogers
   701 Poydras Street, Suite 400
   New Orleans, LA 70139

4. Doug Phillips
   c/o William T. Cooper
   Crowell, Gillis & Cooper
   P.O. Box 1827
   Columbus, MS 39703

In addition to the foregoing claims, WATCO anticipates that other claims may be asserted against it and the M/V KAYE LYNN by additional persons or parties for damages or other losses as a result of the marine incidents described above.  WATCO avers that the amount of the damages and/or claims hereinabove described and all other possible claims against WATCO and the M/V KAYE LYNN may exceed the amount or value of WATCO's interest in the M/V KAYE LYNN having a value of ONE MILLION EIGHT HUNDRED FIFTY DOLLARS ($1,850,000) at the time of the marine incidents.

13.     WATCO avers, in accordance with the annexed affidavit of an independent, qualified marine surveyor, that the M/V KAYE LYNN, had a value of $1,850,000 immediately following the aforementioned occurrence.[1] The pending freight was one thousand forty three dollars and 84/100 ($1,043.84) DOLLARS.[2]

14.     WATCO shows that under the circumstances of this case, the value of the freight pending and value of the M/V KAYE LYNN at the end of the voyage, within the meaning of the applicable statutes, was $1,851,043.84. WATCO offers and files contemporaneously herewith a Letter of Undertaking for the payment into this Honorable Court of the aggregate amount of WATCO's interests in the KAYE LYNN on June 11, 2021 with interest at the rate of six (6%) percent per annum from the date of the Letter of Undertaking and for all costs; and in addition thereto, WATCO is prepared to give bond or stipulation for any amount in excess of the Letter of Undertaking as may be ascertained and determined to be necessary under any order(s) of this Honorable Court.

---

[1] Declaration of Value by surveyor, Norm Dufour.
[2] Verification from Watco representative, James Strawn, Watco General Manager.

4

15. WATCO avers that there are no unsatisfied liens or claims of liens, in contract or in tort, arising on the incidents referred to above, so far as known to WATCO, and except as herein set forth.

16. WATCO, as owner and operator of the M/V KAYE LYNN claims exoneration and exemption from liability for any and all claims for damages or losses occasioned or incurred, or alleged to have been occasioned or incurred, by reason of the aforesaid occurrence. WATCO further avers that it has valid defenses separately and/or collectively on the merits to any and all such claims.

17. WATCO specifically claims the benefits of the Limitation of Liability Act, as set forth in 46 U.S.C. §30511, and all statutes amendatory thereof and supplementary thereto.

18. WATCO further specifically avers that this Complaint, and the claim for exoneration from or limitation of liability asserted herein, is filed not only on its behalf, but also on behalf of its primary and excess liability underwriters and protection and indemnity underwriters, who shall be entitled to exoneration from or limitation of liability to the same extent as WATCO, and whose liability in the premises, if any, shall accordingly not exceed WATCO's liability, if any.

19. All and singular, the premises of this Complaint are true and correct and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court, and within the meaning and intent of Rule 9(h) of the Federal Rules of Civil Procedure.

20. WATCO would further suggest to this Honorable Court that this Complaint for Exoneration from or Limitation of Liability was timely filed within the six-month prescribed period of time of when Watco received first notice of any claim subject to limitation.

WHEREFORE, WATCO prays:

A.      That this Honorable Court enter an Order approving as to quantum, form and appropriate security for costs with a surety approved by the Court

B.      That, upon the filing of the appropriate security as may be determined to be proper, or of a letter of undertaking, this Court issue an injunction enjoining and restraining the commencement or prosecution of any and all actions, suits or legal proceedings of any kind against WATCO and its insurers and underwriters, or against the M/V KAYE LYNN or any other property owned by WATCO, other than in these proceedings;

C.      That the Court cause a Notice to be issued to all persons, firms and corporations having or alleging to have claims by reasons of the matters and happenings recited in the above and foregoing Complaint, admonishing them to appear and file their claims with the Clerk of this Honorable Court, on or before a date to be fixed by the Court and as specified in the Notice, or be forever barred and permanently enjoined from making and filing any such claims, and also to answer, all and singular, the premises of this Complaint;

D.      That the Court adjudge that WATCO, its insurers and underwriters, and/or the M/V KAYE LYNN are not liable for any damages, demands or claims whatsoever in consequence of, or arising out of, or otherwise connected with the matters and happenings recited in the above and foregoing Complaint;

E.      That, in the alternative, if this Court should adjudge that WATCO or its insurers or underwriters are liable to any extent in the premises, the Court then adjudge that the liability of WATCO and its insurers or underwriters shall be limited to the amount of their interests in the M/V KAYE LYNN and its pending freight, if any, immediately following the

6

incident aforesaid; and in that event, the amount representing the value of WATCO's interest in the M/V KAYE LYNN and pending freight shall be divided pro rata among the claimants having made due proof of their respective claims; and that a decree be entered discharging WATCO and its insurers or underwriters of and from any and all further liability, and forever enjoining and restraining the filing and prosecution of any claims or suits against WATCO, its insurers or underwriters, in consequence of or arising out of or connected with the matters and happenings recited in the above and foregoing Complaint; and

  F. That WATCO may have such other and further relief in the premises as may be just and proper.

            Respectfully submitted,

            */s/ Elton F. Duncan III*

            ELTON F. DUNCAN, III (LA 14967)
            KELLEY A. SEVIN (LA 25871)
            Duncan & Sevin, LLC
            400 Poydras Street, Suite 1200
            New Orleans, LA 70130
            Office: 504.524.5566
            Facsimile: 504.524.9003
            Email: eduncan@duncansevin.com
                ksevin@duncansevin.com

## CERTIFICATE OF SERVICE

 I HEREBY CERTIFY that on this date, December 10, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to those who are non-CM/ECF participants.

            */s/ Elton F. Duncan III*

            ELTON F. DUNCAN, III